IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TYANNA THOMAS
2923 Knox Place SE
Washington DC 20011

Plaintiff,

v.

DISTRICT OF COLUMBIA

Serve:

Mayor Muriel Bowser
Executive Office of the Mayor
1350 Pennsylvania Avenue, NW
Suite 316
Washington, DC 20004

and

Karl Racine
Attorney General
Office of the Attorney General
400 6th Street, NW
Washington, DC 20001

Defendant.

Case No.

## **COMPLAINT**

Tyanna Thomas, Plaintiff, by and through undersigned counsel, files this Complaint and states as follows:

## Parties

1. The Plaintiff is an adult resident of the District of Columbia.

2. The Defendant is a municipal corporation capable of being sued under DC Code § 1-102.

## Jurisdiction and Venue

3. This Court has jurisdiction over the claims raised herein pursuant to 42 U.S.C. § 1983, 28 U.S.C. §1331 and 28 U.S.C. §1343.

4. This Court has supplemental jurisdiction over Plaintiff's common law claims pursuant to 28 U.S.C.§ 1367.

5. Venue is proper in the District of Columbia pursuant to 28 U.S.C.§ 1391 (b) because all of the events, acts or omissions giving rise to Plaintiff's claims occurred in the District of Columbia.

6. The District of Columbia, pursuant to DC Code § 12-309, was provided timely written notice of this claim.

## Factual Allegation

7. On or about January 9, 2020, a D.C. Superior Court judge sentenced the Plaintiff to two counts each of simple assault in *United States v. Tyanna Thomas*, DC Superior Court, Case No. 2019 DVM 001141.

8. On count 1, the court sentenced the defendant to 75 days. On count 2, the court sentenced the defendant to time served.

9. The defendant was due credit for the time she served in custody prior to sentencing.

10. At the time of sentencing, the plaintiff had served approximately 75 days in jail.

11. In imposing this sentence, the court knew the amount of time Plaintiff had served in custody and that the sentence would likely result in the immediate release of the defendant.

12. The court intended that count 1 to be credited first and count 2 second.

13. However, the DC Department of Corrections (DOC), contrary to the court's order and standard correctional practices, computed Count 2 as the first sentence to be served.

14. DOC computed count 2 as the period from October 26, 2019, through January 9, 2020 and Count 1 as the period from January 9 to March 16, the earliest date she could be released.

15. Had DOC counted count 1 first, Plaintiff would have been credited 75 days, she would have completed her sentence, and be released.

16. On or about March 2, 2020, Superior Court issued an amended Judgement and Commitment (J&C) order to DOC.

17. The amended J&C indicated that count 1 was to be served prior to count 2.

18. However, despite the amended order, DOC did not release Ms. Thomas until after March 5, 2020.

**Count 1 (§ 1983 Liability of District of Columbia for Over Detention)**

19. The paragraphs preceding Count 1 are incorporated by reference as if fully set forth herein.

20. The District of Columbia, and its agents and employees, have had a longstanding custom and practice of detaining people past their release dates, thereby causing the unjustified over-detention of the Plaintiff.

21. The District's actions, and failure to act, as described above, directly, proximately, and affirmatively resulted in the Plaintiff's over detention in violation of her Fifth Amendment rights to due process.

22. The District was deliberately indifferent to her rights.

23. Accordingly, the Plaintiff is entitled to damages to be determined at trial.

## Count 2 (Negligence)

24. The paragraphs preceding Count 2 are incorporated by reference as if fully set forth herein.

25. The DOC employees responsible for calculating the Plaintiff's release date owed the Plaintiff a duty of reasonable care in reviewing her records and calculating a correct release date so that she would be released upon the expiration of her sentence consistent with the court's order.

26. The DOC employees negligently breached that duty.

27. The negligence of the DOC employees caused the Plaintiff to be detained more than 55 days past her release date, causing the Plaintiff to suffer incarceration with the accompanying restrictions and indignities, loss of liberty, and physical and mental injuries and suffering.

### Count 3 (False Imprisonment)

28. The paragraphs preceding Count 3 are incorporated by reference as if fully set forth herein.

29. By detaining the Plaintiff beyond her release date, the District deprived the Plaintiff of personal liberty without her consent and without legal justification.

30. This false imprisonment caused the Plaintiff to be detained more than 55 days past her correct release date, causing the Plaintiff to suffer incarceration with the accompanying restrictions and indignities, loss of liberty, and physical and mental injuries and suffering.

### Request for Relief

WHEREFORE, Plaintiff respectfully request that this court grant the following relief:

1. Grant a jury trial on all triable claims;

2. Award the plaintiff compensatory and consequential damages in an amount to be determined at trial;

3. Award plaintiff's attorneys' fees and cost incurred in bringing this action under 42 U.S.C. § 1983; and

4. Grant such other relief as this court deems just and proper.

Respectfully submitted,

*/s/Henry A. Escoto*
HENRY A. ESCOTO
DC Bar #448408
503 D Street NW, Suite 120
Washington, DC 20001
(202) 898-4700
 Attorney for Plaintiff

## Jury Demand

Plaintiff demands a jury trial on all triable claims.

*/s/Henry A. Escoto*
HENRY A. ESCOTO