**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

TYANNA THOMAS,

        *Plaintiff*,

    v.

DISTRICT OF COLUMBIA,

        *Defendant*.

Civil Action No. 1:21-cv-00584-CRC

## <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

Plaintiff Tyanna Thomas alleges she was overdetained because the District of Columbia Department of Corrections (DOC) wrongfully applied her jail credits to her time served sentence. Although Plaintiff argues that she should have been released earlier based on the sentencing court's "intent," Plaintiff fails to plead any facts to establish an unconstitutional custom, policy, or practice of the District of Columbia—the only defendant in this matter—that caused her injury. Thus, Plaintiff fails to state a claim of municipal liability in Count 1. Because Plaintiff's sole federal claim fails at the initial stages of litigation, the Court should not exercise supplemental jurisdiction over the pendant common law claims in Counts 2 (negligence) and 3 (false imprisonment).

## BACKGROUND

Plaintiff alleges that on January 9, 2020, she was sentenced on two counts of simple assault in *United States v. Tyanna Thomas* in Superior Court of the District of Columbia, Case No. 2019 DVM 001141. Compl. ¶ 7 [1]. On the first count, Plaintiff was sentenced to 75 days incarceration and on the second count, she was sentenced to 75 days time served. *Id*. at ¶ 8.

Plaintiff alleges that DOC, "contrary to the court's order and standard correctional practices" miscalculated her sentence, claiming that DOC should have given her credit for the 75 days of incarceration she had already served on Count 1 and then released her on time served for Count 2. *Id.* at ¶¶ 13-14. The sentencing court issued an amended sentencing order on March 2, 2020, stating that Count 1 was to be served prior to Count 2. *Id.* at ¶¶ 16-17. As a result, Plaintiff alleges she was unlawfully overdetained until her release after March 5, 2021. *Id.* at ¶¶ 9-15. On March 4, 2021, Plaintiff filed her Complaint against the District of Columbia for violation of her Fifth Amendment due process rights under 42 U.S.C. § 1983 (Count 1); negligence (Count 2); and false imprisonment (Count 3). As demonstrated below, the Court should dismiss Plaintiff's claim in Count 1 with prejudice and decline to exercise supplemental jurisdiction over Counts 2 and 3.

## LEGAL STANDARD

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint need not provide "detailed factual allegations" to withstand a Rule 12(b)(6) motion, a plaintiff must offer "more than labels and conclusions" to provide "grounds" of "entitle[ment] to relief." *Twombly*, 550 U.S. at 555. A complaint alleging facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (brackets omitted).

**ARGUMENT**

**I.**      **Plaintiff's Allegations Do Not State a Fifth Amendment Claim Under Section 1983 Because She Fails to Plead Any Facts Showing that a Custom, Policy, or Practice of the District Caused Her Injury.**

In Count 1 of her Complaint, Plaintiff brings a claim under the Fifth Amendment against the District—the only named defendant.  The District, like all municipalities, is not liable for constitutional violations unless the plaintiff can establish liability under *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 694 (1978).  Liability under *Monell* is severely limited:  A showing of common law respondeat superior liability is not enough; rather, to state a *Monell* claim under 42 U.S.C. § 1983, a plaintiff must allege *both* a predicate constitutional violation *and* that a custom or policy of the District was the "moving force behind the constitutional violation."  *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).  A "custom or policy" may be established under four theories:  (1) "the explicit setting of a policy by the government that violates the Constitution" (2) "[t]he action of a policy maker with the government," (3) "the adoption through a knowing failure to act by a policy maker of actions by his subordinates that are so consistent that they have become custom," or (4) "the failure of the government to respond to a need (for example, training of employees) in such a manner as to show deliberate indifference to the risk that not addressing the need will result in constitutional violations."  *Id*.  However, a failure to plead facts establishing any one of the four is grounds for dismissal under Rule 12(b)(6).  *See Blue v. District of Columbia*, 811 F.3d 14, 20 (D.C. Cir. 2015); *accord Hodges v. District of Columbia*, 975 F. Supp. 2d 33, 54 (D.D.C. 2013) ("The fact that [a] claim arises under section 1983 does not relieve [plaintiff] of the obligation to satisfy the criteria established in *Iqbal* and *Twombly"*).

Here, Count 1, without more, alleges that the District "had a longstanding custom and practice of detaining people past their release dates, thereby causing the unjustified over-detention of the Plaintiff."  Compl. ¶ 20. "Generally, a plaintiff 'sufficiently pleads a § 1983 [custom or policy] claim when his complaint refers to specific incidents that plausibly show a custom or pattern of behavior.'"  *Wells v. Hence*, 235 F. Supp. 3d 1, 12 (D.D.C. 2017) (quoting *Patrick v. District of Columbia*, 179 F. Supp. 3d 82, 87 (D.D.C. 2016)).  But Plaintiff's conclusory allegation is just a recitation of an essential element of her § 1983 claim against the District and cannot survive without factual support.  *See Trimble v. District of Columbia*, 779 F. Supp. 2d 54, 59 (D.D.C. 2011).  The Complaint includes no facts about other incidents of alleged overdetentions, and notably, Plaintiff cannot simply rely on other cases of alleged overdetentions to plead a municipal policy or custom.  *See Tyson v. District of Columbia*, 20-cv-1450-RC, slip op., 2021 WL 860263 (D.D.C. Mar. 8, 2021) (citing *Coleman v. District of Columbia*, 828 F. Supp. 2d 87, 93 (D.D.C. 2011)) (finding no pattern of overdetention of inmates who must be transferred to custody of a third party where complaint pointed to two other overdetentions cases that have little in common with plaintiff's claims).  Plaintiff here utterly fails to identify a pattern of other inmates who have been overdetained based on similar circumstances and thus fails to plead any pattern or custom of the District that caused her alleged overdetention.

Further, Plaintiff's conclusory allegation that the District was "deliberately indifferent to her rights" does not save her claim.  *See* Compl. ¶ 22.  A claim for municipal liability does not survive a motion to dismiss by simply embracing the words "deliberate indifference."  *See, e.g.*, *Bell v. District of Columbia*, 82 F. Supp. 3d 151, 157 (D.D.C. 2015) (dismissing failure to train claim under 42 U.S.C. § 1983 against the District where the complaint parroted the elements of deliberate indifference theory).  At a minimum, a Plaintiff must identify the type of deliberate

4

indifference that is being alleged and must also state its "factual basis." *See Page v. Manucuso*, 999 F. Supp. 2d 269, 283 (D.D.C. 2013). And "deliberate indifference" under *Monell* requires considerably more than a one-off incident. *See Harvey v. District of Columbia*, 798 F.3d 1042, 1053 (D.C. Cir. 2015) ("objective standard . . . determined by analyzing whether the municipality knew or should have known . . . but did not act"); *e.g.*, *Pollard v. District of Columbia*, 698 Fed. App'x 616, 621 (D.C. Cir. 2017) ("pointing to [a plaintiff's] individual experience does not by itself evidence either a recurring problem or any gaps in District training [or policy]"). Here, the Complaint offers no factual basis to support a claim of deliberate indifference.

Thus, because the factual allegations, accepted as true, fail to state a claim of municipal liability, the Court should dismiss Count 1 of Plaintiff's Complaint with prejudice.

## II.    The Court Should Not Exercise Supplemental Jurisdiction Over Plaintiff's Common Law Claims.

Because Plaintiff has not articulated a claim for municipal liability in Count 1, the Court should dismiss the claim and should decline to exercise supplemental jurisdiction over the remaining common law claims. *See* 28 U.S.C. § 1367. "A district court may choose to retain jurisdiction over, or dismiss, pendent state law claims after federal claims are dismissed." *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423 (D.C. Cir. 2005) (citing 28 U.S.C. § 1367(c)(3); *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1265-66 (D.C. Cir. 1995)). But "in the usual case in which all federal-law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). This case is the quintessential "usual case" because proceedings in this Court are only

starting, and because discovery has not begun, "the investment of resources has not been so great as to warrant retaining jurisdiction at this stage." *Mitchell v. Yates*, 402 F. Supp. 2d 222, 235 (D.D.C. 2005). Simply stated, there is no compelling reason for the Court to retain supplemental jurisdiction after dismissing Count 1—the only claim over which the Court has original jurisdiction—and thus the Court should dismiss Counts 2 and 3.

## CONCLUSION

For these reasons, the District respectfully requests that the Court grant this motion and dismiss Plaintiff's Complaint.

Date:  May 6, 2021

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Alicia M. Cullen*
ALICIA M. CULLEN [1015227]
Chief, Civil Litigation Division, Section III

*/s/ Katrina Seeman*          .
ROBERT A. DEBERARDINIS, JR. [335976]
Senior Assistant Attorney General
KATRINA SEEMAN [1671729]
Assistant Attorney General
Civil Litigation Division
400 6th Street NW
Washington, D.C. 20001
Phone:  202-724-6642; 202-724-6607
Fax:  202-741-8895; 202-724-5917
Email:  robert.deberardinis@dc.gov;
katrina.seeman@dc.gov
*Counsel for Defendant District of Columbia*