UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TYANNA THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-cv-00584-CRC |
| | ) |
| DISTRICT OF COLUMBIA | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT
DISTRICT OF COLUMBIA'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**Introduction**

The Plaintiff submits this memorandum in opposition to the District's Motion to Dismiss the Complaint under Rule 12(b)(6).  The District argues that the Complaint does not contain facts that demonstrate that a policy, custom or practice of the District caused her alleged over detention at the DC Jail.  And that therefore her complaint fails to plead municipal liability under 42 U.S.C. § 1983.  As argued below, the District has a practice or policy of not crediting counts, for which a "time served" sentence has been imposed, in the order in which they are imposed.

**Standard of Review**

The defendant in a motion to dismiss bears the burden of demonstrating that the complaint fails to state a claim for relief.  *Cohen v. Bd of Trs. Of the Univ. of the D.C.*, 819 F.3d 476, 481 (2016).  The burden never shifts to the plaintiff where the complaint adequately states a plausible claim for relief.  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint, not whether the

plaintiff is likely to succeed on the merits. *Singh v. District of Columbia*, 881 F.Supp.2d 76, 81 (D.D.C. 2012).

Under Rule 8(a) all that is require is that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." " A complaint must be sufficient to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Brown v. Short*, 729 F.Supp.2d 125, 131 (D.D.C. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 555 (2007, internal quotations omitted). A complaint that states a plausible claim for relief survives a motion to dismiss. *Id*.

In considering a Rule 12(b)(6) motion, the court must presume the factual allegations of the complaint to be true and construes them liberally in the plaintiff's favor. It is not necessary for the plaintiff to plead all elements of his *prima facie* case in the complaint, or to plead law or match facts to every element of a legal theory. *Singh*, *supra*, 881 F.Supp.2d at 81. Nonetheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*.  A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." "The plausibility standard is not akin to a `probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citations omitted).

### Statement of Facts

The DOC has a practice, custom or policy of failing to follow the consecutive sentencing rule in § 23-112[1], and court's order in computing "time served" sentences.  In

---

[1] § 23-112 states that: "A sentence imposed on a person for conviction of an offense shall, unless the court imposing such sentence expressly provides otherwise, run consecutively to any other sentence imposed on such person for

cases where a person is sentenced to "time served," the DOC applies whatever jail credit to the "time served" count first regardless of order in which it is imposed. This policy results in the unnecessary over detention of individuals due for release in violation of their due process rights.

In this case, on January 9, 2020, a D.C. Superior Court judge sentenced the Plaintiff to two counts each of simple assault in *United States v. Tyanna Thomas*, DC Superior Court, Case No. 2019-DVM-001141. On count 1, the court sentenced Ms. Thomas to 75 days. On count 2, the court sentenced her to time served. The sentences imposed were consecutive to each other. Consecutive means "following one after the other in order." *See* Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/consecutive. Accessed 5/20/2021). This rule applies to multiple counts within a single Judgment and Commitment Order (J&C). Where there are two or more counts in a J&C, the counts would be served consecutively in the order in which they are imposed.

The Plaintiff was due credit for the period of time she served in custody prior to sentencing.[2] At the time of sentencing, the plaintiff had served approximately 76 days in jail. In imposing this sentence, the court knew the amount of time Plaintiff had served in custody and that the sentence would result in the immediate release of the defendant. The court intended that count 1 to be credited first and count 2 second. However, the DOC, contrary to the court's order, the consecutive rule, and standard correctional practices,

---

conviction of an offense, whether or not the offense (1) arises out of another transaction, or (2) arises out of the same transaction and requires proof of a fact which the other does not."
[2] § 24-221.03(a) (credit for time served is due "for time spent in custody or on parole as a result of the offense for which the sentence is imposed.")

3 | P a g e

computed Count 2 as the first sentence to be served, and applied her jail credits to count 2, with an additional 75 days to be served on count 1.

Had DOC followed the consecutive rule and counted count 1 first, it would have credited Plaintiff with 76 days; count 2 would have been credited as time served, and she would have completed her sentence. Instead, Plaintiff spent an additional 55 days in jail due to DOC's practice of failing to credit the "time served" to count 1.

In response to an inquiry as to why the Plaintiff had not been released, the DOC records management office stated that it was their practice to credit the "time served" regardless of how the order of the count was imposed. Even after the judge amended the J&C, DOC refused to change its practice. The District practice of crediting "time served" count first, despite the order in which it was issued is contrary to the consecutive rule in § 23-112. DOC did not release Ms. Thomas until after March 5, 2020 when the court issued its amended order.

### The Plaintiff States a Plausible Claim for Relief

The District's over detention of Plaintiff violated her substantive due process rights under the Fifth Amendment. Substantive due process protects liberty interests and constrains egregious government misconduct. The doctrine has been described as preventing only "grave unfairness." *George Wash. Univ. v. District of Columbia*, 318 F.3d 203, 209 (D.C. Cir. 2003). The DC Circuit has identified two ways in which unfairness might be shown: "Only [1] a substantial infringement of state law prompted by personal or group animus, or [2] a deliberate flouting of the law that trammels significant personal or property rights, qualifies for relief under § 1983." *Id*. The over detention alleged in this case violates the substantive component of the Due Process Clause by

infringing upon the Plaintiff's "basic liberty interest in being free from incarceration absent a criminal conviction." *Jones v. District of Columbia*, 322 F. Supp. 3d 78, 84-85 (D.D.C. 2018).

The complaint also identifies a practice or custom that led to her over detention. There are four basic categories of municipal action that may be relied on to establish municipal liability: "(1) express municipal policy; (2) adoption by municipal policymakers; (3) custom or usage; and (4) deliberate indifference." *Id*. at 85.  In this case, the cause of her over detention was the District of Columbia's practice of not crediting counts in the order that Plaintiff was sentenced.  Had DOC applied § 23-112 as intended and in the order that the sentence was imposed, count 1 would have been credited with 76 days and count 2 as time served. Instead, the DOC apply the rule in a reverse order and applied the 75 days to the "time served" count.  As a result, the Plaintiff ended up serving an additional 55 days from when she should have been released. Accordingly, the court should deny the District's motion to dismiss as to her claim that her over detention violated her rights under the Fifth Amendment.

### Supplemental Jurisdiction Over Plaintiff's Common Law Claims

The District argues that the court should decline to exercise supplemental jurisdiction over the remaining common law claims in the event that the court should dismiss the municipal claim. "Whether to retain jurisdiction over pendent ... claims after the dismissal of the federal claims is a matter left to the sound discretion of the district court[.]" *Ali Shafi v. Palestinian Auth.,* 642 F.3d 1088, 1097 (D.C.Cir.2011) (citations omitted). If the federal claims are dismissed, and this court decides not to retain jurisdiction over, the Plaintiff would ask the court that the case be remanded to the DC Superior Court for further proceedings.

WHEREFORE, for the reasons given above, it is respectfully requested that the District's Motion to Dismiss the Complaint, be denied.

                                                  Respectfully Submitted,

Dated: 5/20/21                                */s/ Henry A. Escoto*
                                                  Henry A. Escoto, #448408
                                                  503 D Street, NW, Suite 120
                                                  Washington, DC 20001
                                                  (202) 898-4700
                                                  Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this May 20, 2021, a copy of the foregoing was served electronically upon counsel for the defendants, Robert DeBerardinis and Katrina Seeman, Office of the Attorney General for DC, 400 Sixth Street, NW, Washington, D.C. 20001.

                                                                  */s/ Henry A. Escoto*
                                                                   Henry A. Escoto