UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TYANNA THOMAS,

    *Plaintiff*,

v.

DISTRICT OF COLUMBIA,

    *Defendant*.

Civil Action No. 1:21-cv-00584-CRC

## DEFENDANT DISTRICT OF COLUMBIA'S REPLY IN FURTHER SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S COMPLAINT

In her Complaint, Plaintiff alleges the District has an unidentified custom and practice of overdetention. Now in her Opposition, Plaintiff newly alleges an express municipal policy "of not crediting counts, for which a 'time served' sentence has been imposed, in the order in which they are imposed." Opp'n [9–1] at 1. Plaintiff contends this policy is unconstitutional and caused her alleged overdetention. Unfortunately for Plaintiff, none of these allegations appear in her Complaint, which still fails to state a claim.

## BACKGROUND

On May 6, 2021, the District moved to dismiss Plaintiff's Complaint. Mot. to Dismiss [6]. The District argued that Plaintiff had failed to satisfy the pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), because she failed to plead sufficient facts to plausibly entitle her to relief for a Fifth Amendment claim against the District in Count 1. Mot. to Dismiss [6-1] at 3–5. The District also argued that the Court should decline to exercise supplemental jurisdiction over Counts 2 and 3.

Plaintiff's Opposition alleges additional facts claiming the District has an unconstitutional policy concerning application of jail credit in time served sentences, which led to her alleged overdetention. Opp'n [9–1] at 3-5. Plaintiff also argues that rather than dismiss her common law claims, the Court should remand the case—filed by Plaintiff in this Court—to the Superior Court of the District of Columbia. As demonstrated below, all of Plaintiff's arguments fail.

**ARGUMENT**

I. **Plaintiff's Complaint Fails to State a Section 1983 Claim.**

In Count 1 of her Complaint, Plaintiff alleges the District "had a longstanding custom and practice of detaining people past their release dates, thereby causing the unjustified over-detention of the Plaintiff" and the District was "deliberately indifferent to her rights." Compl. ¶ 20, 22. As the District argued in its moving brief, these conclusory statements are merely a recitation of the elements of her § 1983 claim against the District and cannot survive without factual support. Mot. to Dismiss [6-1] at 4 (citing *Trimble v. District of Columbia*, 779 F. Supp. 2d 54, 59 (D.D.C. 2011) and *Bell v. District of Columbia*, 82 F. Supp. 3d 151, 157 (D.D.C. 2015)). Plaintiff's Opposition does not identify facts *in her Complaint* that plausibly entitle her to relief for a Fifth Amendment claim under 42 U.S.C. § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Thus, the Court should dismiss Count 1 for failure to state a claim.

II. **Plaintiff May Not Cure Deficiencies in Her Complaint by Alleging New Facts in Her Opposition.**

In her Opposition, Plaintiff clarifies that she instead is arguing that the District has an unconstitutional policy or practice of applying jail credits to time-served sentences out of order,

in violation of a so-called "consecutive rule." Opp'n [9–1] at 5.[1] The Department of Corrections also allegedly informed her that "it was their practice to credit the 'time served' regardless of how the order of the count was imposed." *Id.* at 4. But Plaintiff has not included any of these allegations about an official unconstitutional policy in her Complaint. The Court should reject Plaintiff's attempt to cure factual deficiencies by alleging new facts and theories in her Opposition. "It is well settled law that a plaintiff cannot amend [her] complaint by briefs in opposition to a motion to dismiss." *Woyotiwicz v. George Washington Univ.*, 327 F. Supp. 3d 105, 121 (D.D.C. 2018) (quoting *Kingman Park Civic Ass'n v. Gray*, 27 F. Supp. 3d 142, 160 n.7 (D.D.C. 2014)). The Court cannot and must not consider these new allegations.

### III. The Court Cannot Remand Plaintiff's Common Law Claims.

If her federal claim in Count 1 is dismissed, Plaintiff requests the Court remand her common law claims to the Superior Court of the District of Columbia. Opp'n [9-1] at 5-6. But Plaintiff initiated this action in federal court and filed no civil action in Superior Court. *See* Compl. [1]. Remand to a state court is only available in cases that were removed to federal court. 28 U.S.C. § 1447; *Carnegie-Mellon University*, 484 U.S. 343, 357 (1988) (federal courts have discretion to remand to a removed case involving pendant claims after determination that retaining jurisdiction would be inappropriate). Plaintiff cites no authority for this Court to remand a case to a state court where no action has ever been filed. Accordingly, dismissal of the common law claims in Counts 2 and 3 is appropriate under 28 U.S.C. § 1367(c)(3). *See Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423 (D.C. Cir. 2005).

---

[1] The District notes that the so-called "consecutive rule" finds no support in D.C. Code § 23-112 which simply distinguishes consecutive sentences from concurrent sentences in Criminal Procedure.

## CONCLUSION

For these reasons, along with those set forth in the District's Motion to Dismiss [6], the Court should dismiss Plaintiff's Complaint.

Date:  May 27, 2021

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Alicia M. Cullen*
ALICIA M. CULLEN [1015227]
Chief, Civil Litigation Division, Section III

*/s/ Katrina Seeman*         .
ROBERT A. DEBERARDINIS, JR. [335976]
Senior Assistant Attorney General
KATRINA SEEMAN [1671729]
Assistant Attorney General
Civil Litigation Division
400 6th Street NW
Washington, D.C. 20001
Phone:  202-724-6642; 202-724-6607
Fax:  202-741-8895; 202-724-5917
Email:  robert.deberardinis@dc.gov;
katrina.seeman@dc.gov
*Counsel for Defendant District of Columbia*