UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TYANNA THOMAS**, | |
| Plaintiff, | |
| v. | Case No. 21-cv-00584 (CRC) |
| **DISTRICT OF COLUMBIA**, | |
| Defendant. | |

## MEMORANDUM OPINION

Plaintiff Tyanna Thomas was sentenced on two counts of assault in D.C. Superior Court. The judge gave her 75 days on count 1 and time served on count 2. At the time of sentencing, Thomas had already served 75 days in jail, so she expected to be released immediately. But the Department of Corrections had other ideas. It computed count 2 as the first sentence, applying the 75 days she had already served to that count, and began to hold her for an additional 75 days on count 1. Thomas successfully petitioned the court to clarify that it had intended that she be released upon sentencing. But by then she had spent about 55 extra days in jail. Thomas filed this action against the District of Columbia under 42 U.S.C. § 1983, alleging that this overdetention violated her Fifth Amendment rights to due process. To state a claim against the District, she must adequately allege a policy or custom that caused the violation.

This complaint falls short. It does not contain factual allegations to support a showing of a municipal policy or custom. The Court will therefore grant the District's motion to dismiss. In her opposition to the motion, however, Thomas points to a potential source of an alleged policy or practice. While that maneuver cannot properly supplement the complaint, the Court will invite Thomas to seek leave to file an amended complaint within 30 days. Absent a proposed amended complaint by that time, dismissal will be with prejudice.

## I. Background

The underlying facts of this case are straightforward. On January 9, 2020, Thomas was sentenced on two counts of simple assault in D.C. Superior Court. Compl. ¶ 7. On count 1, she received 75 days; on count 2, the judge sentenced her to time served. Id. ¶ 8. And Thomas had already served "approximately 75 days in jail." Id. ¶ 9. She alleges that the court intended that count 1 be credited first and then count 2, and thus knew this meant "the sentence would likely result in [her] immediate release." Id. ¶¶ 11–12. But the Department of Corrections did the opposite; it applied count 2's sentence first and then started to hold her for an additional 75 days on count 1. See id. ¶¶ 13–14. On March 2, 2020, the Superior Court issued an amended Judgment and Commitment order, which clarified that count 1 should be credited first and count 2 second. Id. ¶¶ 16–17. The Department of Corrections released Thomas three days later, id. ¶ 18, but by then she had spent a few extra months in jail than she says she should have.

A year later, Thomas filed this action against the District. She brings a single Fifth Amendment due process claim under 42 U.S.C. § 1983, also known as a Monell claim, along with two trailing common-law claims of negligence and false imprisonment. The District filed a motion to dismiss, primarily arguing that the complaint fails to adequately plead a policy or custom as required by Monell v. Department of Social Services, 436 U.S. 658 (1978).

## II. Legal Standards

The District has moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  A court "must treat the complaint's factual allegations as true and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged." Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (cleaned up).  Although a complaint need not provide "detailed factual allegations" to withstand a 12(b)(6) motion, it must offer "more than labels and conclusions." Twombly, 550 U.S. at 555.

### III. Analysis

Thomas brings her Fifth Amendment due process claim under § 1983, which provides a cause of action for individuals whose constitutional rights have been violated.  "Under *Monell*, municipalities are liable for their agents' constitutional torts only if the agents acted pursuant to municipal policy or custom." Warren v. District of Columbia, 353 F.3d 36, 38 (D.C. Cir. 2004).  Thus, to state such a claim against D.C., a plaintiff "must allege not only a violation of [her] rights under the Constitution or federal law, but also that the municipality's custom or policy caused the violation." Id.

Courts "have identified various 'ways in which a 'policy' can be set'" such that it triggers municipal liability under § 1983.  See Singletary v. District of Columbia, 766 F.3d 66, 72 (D.C. Cir. 2014) (citations omitted).  As relevant here, a plaintiff must allege that the municipality: (1) explicitly adopted a policy; (2) knowingly ignored a practice that was consistent enough to constitute a custom; or (3) failed to respond to a need in such a manner as to show deliberate indifference to the risk that not addressing the need will result in constitutional violations. Irving v. District of Columbia, No. 19-3818 (RDM), 2021 WL 495041, at *5 (D.D.C. Feb. 9, 2021); see also Warren, 353 F.3d at 39.

Here, Thomas has pled that the District has "a longstanding custom and practice of detaining people past their release dates," that its "actions, and failure to act, . . . directly, proximately, and affirmatively resulted in" her overdetention, and that the "District was deliberately indifferent to her rights." Compl. ¶¶ 20–22. There is nothing wrong with pleading "alternative theories of liability" like this, however, "these contentions are merely 'legal conclusions cast in the form of factual allegations.'" Grissom v. District of Columbia, 853 F. Supp. 2d 118, 123 (D.D.C. 2012) (citation omitted). A complaint must offer more than these "keywords" and instead "identify supporting facts." Id. This one falls short.

Thomas does lay out facts relating to the single instance of overdetention that forms the basis of her case. "But absent a pattern of constitutional violations, a complaint 'must include some factual basis for the allegation of a municipal policy or custom.'" Wells v. Hense, 235 F. Supp. 3d 1, 12 (D.D.C. 2017) (citations omitted). Thomas "does not name or identify" the policy, practice, or custom, "nor does she cite any incident other than the events alleged in her complaint." Trimble v. District of Columbia, 779 F. Supp. 2d 54, 59 (D.D.C. 2011). The upshot is she is "merely speculating that an unidentified policy and uncorroborated practice or custom exists without providing any factual heft to support the allegation." Id. A long line of cases in this district have found similarly sparse allegations of a policy or custom to be inadequate to state a claim. See Wells, 235 F. Supp. 3d at 12–13 n.11 (collecting cases); see also Tyson v. District of Columbia, No. 20-1450 (RC), 2021 WL 860263, at *4 (D.D.C. Mar. 8, 2021) (to plead an explicit policy, the complaint must contain "facts that show an explicit setting of a policy" and that the alleged unconstitutional action "executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [municipal] officers" (quoting Monell, 436 U.S. at 690)); id. at *5 (to establish liability via a failure to act, a plaintiff must plead "specific

4

incidents that plausibly show a custom or pattern of behavior" (citation omitted)); id. at *6 (for deliberate indifference, plaintiff must allege, for example, a "failure to respond to repeated complaints about misconduct" or "facts that show a pattern of misconduct that municipality officials ignored" (citation omitted)).

But "a plaintiff need not identify multiple instances of unconstitutional conduct in order" to show a "municipal policy." Grissom, 853 F. Supp. 2d at 124.  In her opposition to the District's motion to dismiss, Thomas provides some additional factual detail relating to a potential policy or custom.  She asserts that "[i]n response to an inquiry as to why [she] had not been released," the Department of Corrections "stated that it was their practice to credit the 'time served'" count first, see Opp'n at 4, "regardless of [the] order in which it is imposed." See id. at 3.  The Court also takes Thomas to be potentially alluding to other "cases" of the Department applying jail credit in this manner, id. at 2–3, though no others are specifically mentioned.  The problem for Thomas is that these facts are not in her complaint.  "It is well settled law that a plaintiff cannot amend his or her complaint by the briefs in opposition to a motion to dismiss." Kingman Park Civic Ass'n v. Gray, 27 F. Supp. 3d 142, 160 n.7 (D.D.C. 2014).

While the Court rejects the attempt to inject new facts into the case in this manner, it will nonetheless allow Thomas an opportunity to explain how she could cure the deficiencies identified in this opinion.  The Court invites her to file a motion for leave to file an amended complaint, attaching the proposed amendment, within 30 days.

Thomas's common-law claims remain for now.  The Court will defer a definitive ruling on those until it assesses any proposed amended complaint.  But if this dismissal stands, the Court will follow the "usual" approach and decline to exercise supplemental jurisdiction over the

common-law claims.  Shekoyan v. Sibley Int'l, 409 F.3d 414, 424 (D.C. Cir. 2005); Trimble, 779 F. Supp. 2d at 59–60.

### IV. Conclusion

For these reasons, the Court will grant the motion to dismiss without prejudice.  If the plaintiff does not submit a proposed amended complaint and accompanying motion within 30 days, the Court will dismiss the case with prejudice.  A separate Order accompanies this opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  December 6, 2021